[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to recover on a promissory note in the amount of $9161.71 executed by the defendants to Jean R. Aldrich as trustee for the plaintiff. The defendants pleaded by way of special defense, release by the plaintiff of the note and the underlying obligation and plaintiff has denied the allegations of the special defense.
This case was tried before this court on October 19 and 20, 1995, with closing arguments taking place on November 14, 1995. CT Page 13915
At trial the primary issue was whether plaintiff was coerced into giving defendants the release of the note.
It is undisputed that in 1974 the plaintiff, as a minor, was involved in an automobile accident for which the amount of $9,161.00 was obtained in settlement of her injuries. The proceeds were placed in trust under an agreement dated July 11, 1979 under which the defendants, her father and stepmother were named trustees. On July 11, 1979, with Probate Court approval, these funds were lent to her parents for the purpose of enlarging the family home to accommodate the family of 5 children and other foster children which the family took in from time to time in order to supplement their income. The loan was secured by a mortgage on defendants' property, due and payable upon the plaintiff's 18th birthday, December 11, 1986, all pursuant to authorization by the Windham Probate Court.
On February 5, 1987, some months after the plaintiff attained age eighteen, she executed a written affidavit in which she stated that after consulting with an attorney released the loan and on that date also executed a release of the mortgage securing the note.
At trial, it was shown that in February, 1987 the plaintiff was living with an older male companion, that she had been questioned by the Probate Judge prior to executing the release as to her willingness to do so and that her motive in signing the release was to prevent the possible loss of the family home of her parents. There was also mixed evidence of her relationship with her parents, with some demonstrable evidence of considerable affection on both her part and that of her parents over the years.
As against this evidence, plaintiff's claim that she felt coerced because she felt threatened by her male siblings and feared her parents as a result of discipline and punishments meted out to her prior to her leaving the home at age 15 is not persuasive. The evidence offered by plaintiff is insufficient to sustain her burden of proving either coercion or undue influence.
Judgment may enter for defendants. CT Page 13916
Wagner, J.